**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:06-CR-124-ADA** |
| | § | |
| **WALTER RANDALE RAMOS** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.    PROCEDURAL BACKGROUND

The Defendant was convicted of Possession with Intent to Distribute at Least 50 Grams of Methamphetamine, a Schedule II Controlled Substance; Aiding and Abetting, in violation of 21 U.S.C. 841 (a)(1) & 841(b)(1)(B)(viii) and 18 U.S.C. 2. The Defendant was sentenced to Two Hundred Forty (240) months in the Bureau of Prison followed by a five (5) year term of supervised release. Defendant was released to supervision on March 1, 2023.

On May 2, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, alleging the Defendant violated the terms of his

supervision and seeking a show-cause hearing as to why the Defendant's supervision should not

be revoked. The petition alleges the Defendant violated the terms of his supervision in the

following instance:

> **Violation Number 1:** The defendant violated mandatory condition number 1, in that, the defendant shall not commit another federal, state, or local crime during the term of supervised release. On or about April 28, 2025, the defendant operated a motor vehicle while intoxicated, in violation of Texas Penal Code 49.09, Enhanced Driving While Intoxicated, a 3rd degree felony.

> **Violation Number 2:** The defendant violated mandatory condition number 1, in that, the defendant shall not commit another federal, state, or local crime during the term of supervised release. On or about April 28, 2025, the defendant prevented or obstructed a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from affecting an arrest by using force against the peace officer, in violation of Texas Penal Code 38.03, Resisting Arrest, Class A Misdemeanor.

> **Violation Number 3:** The defendant violated mandatory condition number 1, in that, the defendant shall not commit another federal, state, or local crime during the term of supervised release. On or about April 28, 2025, the defendant operated a motor vehicle and willfully failed or refused to bring the vehicle to a stop when given a visual or audible signal to bring the vehicle to a stop, in violation of Texas Penal Code 545.421, Fleeing or Attempting to Elude Police Officer, Class A Misdemeanor.

On May 13, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead

TRUE as to violation numbers 1, 2, and 3. The petition contained a sufficient factual basis to

support a plea of TRUE as to all violations.

## II.    FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the

undersigned finds as follows:

1.    The Defendant violated the conditions of his supervision as alleged in the petition.

Page **2** of **5**

2.    The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1 through 3.

3.    The Defendant had both a factual and rational understanding of the proceedings against him.

4.    The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    The Defendant was sane and mentally competent to stand trial for these proceedings.

7.    The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.    The Defendant understood the petition and the charges alleged against him.

10.    The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the

allegations in violations 1 through 3.

14.     The Defendant understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the Defendant's pleas of TRUE

to violation numbers 1 through 3.

## III.    RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the

parties and **RECOMMENDS** that, because of Defendant's prior good behavior on supervision,

his local support network, and the recommendation of the Probation Officer a below-guideline

sentence is warranted. It is therefore **RECOMMENDED** that the Defendant's term of supervised

release be revoked and Defendant sentenced to twelve (12) months imprisonment, with no term of

supervised release to follow, and with credit for time-served. Finally, it is **RECOMMENDED**

that Defendant be placed at the Bureau of Prison facility in either Bastrop or Forth Worth if

possible.

## IV.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing

objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See*

*Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the district judge of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass*

*v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of May, 2025.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE